UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION

12 MAR 28 P5:34

FILED
US DISTRICT COURT CLERK
WSTN DIST. KENTUCKY

CIVIL ACTION NO. 5:08CV-00152-JHM

WILLIAM E. HOGANCAMP, MD, and
MARK SEXTON, RRT & RPSGT          PLAINTIFFS/COUNTER-DEFENDANTS

v.

JAN CALLAWAY, TERRY J. CALLAWAY,
T & J CALLAWAY, LLC, and
TD PROPERTIES, LLC                DEFENDANTS/COUNTER-PLAINTIFFS
                                  THIRD PARTY PLAINTIFFS

v.

SLEEP SOURCE TENNESSEE, LLC,
BEN T. HOGANCAMP,
TIDEWATER TRUST
c/o BEN T. HOGANCAMP, Trustee     THIRD PARTY DEFENDANTS

## JURY INSTRUCTIONS

**********************************

These instructions will be in three parts: first, general rules that define and control your duties as jurors; second, the rules of law that you must apply in deciding the case; and third, some rules for your deliberations. A copy of these instructions will be available for you in the jury room.

### I. GENERAL RULES CONCERNING JURY DUTIES

It is your duty to find the facts from all the evidence in the case. You must apply the law to those facts. You must follow the law I give to you whether you agree with it or not.

1

And you must not be influenced by any personal likes or dislikes, opinions, prejudices or sympathy. That means that you must decide the case solely on the evidence before you and according to the law, as you gave your oaths to do at the beginning of this case.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all equally important. And you must not read into these instructions, or into anything I may have said or done, any suggestion as to what verdict you should return -- that is a matter entirely for you to decide.

The lawyers may refer to some of the governing rules of law in their arguments. However, if any differences appear to you between the law as stated by the lawyers and what I state in these instructions, you are to be governed solely by my instructions.

## EVIDENCE

The evidence from which you are to decide what the facts are consists of (1) the sworn testimony of witnesses, here in Court or by deposition, both on direct and cross-examination, regardless of who called the witness; (2) the exhibits that have been received into evidence; and (3) any facts to which the lawyers have agreed or stipulated to or that have been judicially noticed.

## WHAT IS NOT EVIDENCE

The following things are not evidence and you may not consider them in deciding what the facts are:

1)    Arguments and statements by lawyers are not evidence;

2) Questions and objections by lawyers are not evidence;

3) Testimony I have instructed you to disregard is not evidence; and,

4) Anything you may have seen or heard when the Court was not in session is not evidence.

## DIRECT AND CIRCUMSTANTIAL EVIDENCE

There are two kinds of evidence: direct and circumstantial. Direct evidence is direct proof of a fact, such as testimony of an eyewitness. Circumstantial evidence is indirect evidence, that is, proof of a fact or chain of facts from which you could draw the inference, by reason and common sense, that another fact exists, even though it has not been proven directly. You are entitled to consider both kinds of evidence. The law permits you to give equal weight to both, but it is for you to decide how much weight to give to any evidence.

## CREDIBILITY OF WITNESSES

In deciding what the facts are, you must consider all of the evidence. In doing this, you must decide which testimony to believe and which testimony not to believe. You may disbelieve all or any part of any witness's testimony. You might want to take into consideration such factors as the witnesses' conduct and demeanor while testifying; their apparent fairness or any bias or prejudice they may have displayed; any interest you may discern that they may have in the outcome of the case; their opportunities for seeing and knowing the things about which they have testified; the reasonableness or unreasonableness of the events that they have related to you in their testimony; and any other facts or



circumstances disclosed by the evidence that tend to corroborate or contradict their versions of the events.

In deciding whether to believe a witness, keep in mind that people sometimes forget things. You need to consider therefore whether a contradiction is an innocent lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or with only a small detail.

The weight of the evidence presented by each side does not necessarily depend on the number of witnesses testifying on one side or the other. You must consider all the evidence in the case, and you may decide that the testimony of a smaller number of witnesses on one side has greater weight than that of a larger number on the other or vice versa.

You should use your common sense in weighing the evidence. Consider it in light of your everyday experience with people and events, and give it whatever weight you believe it deserves. If your experience tells you that certain evidence reasonably leads to a conclusion, you are free to reach that conclusion.

All of these are matters for you to consider in deciding the facts.

## LIABILITY OF CORPORATIONS

TD Properties, LLC, and Sleep Source Tennessee, LLC, are corporations. The fact that they are corporations should not affect your decision. All persons are equal before the law, and a corporation, whether large or small, is entitled to the same fair and conscientious consideration by you as any other person.



## II. RULES OF LAW

## INSTRUCTION NO. 1

### Breach of Lease Agreement

You have heard evidence that TD Properties, LLC, as the Landlord, and Sleep Source Tennessee, LLC, as the Tenant, entered into a Lease Agreement for the premises located at 60 Market Center Drive, Collierville, Tennessee. TD Properties, LLC, asserts that Sleep Source Tennessee, LLC, William E. Hogancamp, Mark Sexton, Ben T. Hogancamp, and Tidewater Trust breached the Lease Agreement when they failed to make the required payments under it. Sleep Source Tennessee, LLC, William E. Hogancamp, Mark Sexton, Ben T. Hogancamp, and Tidewater Trust assert that TD Properties, LLC, breached the Lease Agreement by terminating it.

If a party does not perform according to the contract terms, that party has committed a breach of the contract. The breach of contract must be a material breach. A minor and insubstantial failure of a party to meet the terms of a contract does not entitle the other party to reject the contract and not be responsible under it. A party who commits the first material breach of a contract cannot enforce the contract against the other party even if the other party later fails to abide by the terms of the contract.

Therefore, you must determine by a preponderance of the evidence which party breached the Lease Agreement first.

If you determine that TD Properties, LLC, first breached the Lease Agreement by terminating it, you shall find for Sleep Source Tennessee, LLC, William E. Hogancamp,

Mark Sexton, Ben T. Hogancamp, and Tidewater Trust and indicate your verdict on the verdict form which will be given to you and then return to the courtroom. If, however, you determine that Sleep Source Tennessee, LLC, William E. Hogancamp, Mark Sexton, Ben T. Hogancamp, and Tidewater Trust committed the first breach then you will be asked to determine the amount of damages, if any, you believe TD Properties, LLC, has sustained by reason of the breach.



## INSTRUCTION NO. 2

If your deliberations lead you to consider an award of damages to TD Properties, LLC, as a result of the breach of the Lease Agreement, you are hereby instructed as follows:

You will determine from the evidence the damages, if any, you believe by a preponderance of the evidence TD Properties, LLC, has suffered as a direct result of the breach of the Lease Agreement. When a contract is breached, the non-breaching party is entitled to be placed in as good a position as would have been occupied had the contract been fulfilled in accordance with its terms. The non-breaching party is not entitled to be put in a better position by a recovery of damages for breach of contract than would have been realized had there been full performance. The damages to be awarded are those that may fairly and reasonably be considered as arising out of the breach or those that may reasonably have been in the contemplation of the parties when the contract was made.

The fact that I instruct you on damages should not be taken by you as indicating one way or the other whether TD Properties, LLC, is entitled to recover damages on its claim. This is entirely for you to decide. Any damages you award must have a reasonable basis in the evidence. They need not be mathematically exact but there must be enough evidence for you to make a reasonable estimate of damages without speculation or guesswork.

Additionally, during this trial, you have heard evidence regarding the breach of a separate agreement, the Sleep Lab Agreement, which was between T & J Callaway, LLC, and Sleep Source Tennessee, LLC. TD Properties, LLC, is a separate entity under the law from T & J Callaway, LLC, and TD Properties, LLC, was not a party to the Sleep Lab

Agreement.

You have also heard evidence that Terry Callaway and Jan Callaway are members of both T & J Callaway, LLC, and TD Properties, LLC. However, the fact they are members of both limited liability companies is not to be considered by you in determining the amount of damages due the corporation, TD Properties, LLC, as a result of the breach of the Lease Agreement. In other words, you are to determine the amount of damages due to TD Properties, LLC, without regard to the ownership of the corporation.

Furthermore, you have heard evidence regarding certain provisions of the Sleep Lab Agreement regarding sharing of rental payments between T & J Callaway, LLC, and Sleep Source Tennessee, LLC. You should not consider any of the provisions of the Sleep Lab Agreement in determining the amount of damages to award TD Properties, LLC, as a result of the breach of the Lease Agreement. If there is to be any sharing of liability between T & J Callaway, LLC, and Sleep Source Tennessee, LLC, those matters will be decided in a different proceeding at a later time, and should be of no concern to you in deciding the amount of damages due TD Properties, LLC.

## INSTRUCTION NO. 3

### Mitigation of Damages

TD Properties, LLC, had a duty to use reasonable efforts to mitigate any damages it may have suffered under the Lease Agreement. To mitigate means to avoid or reduce damages. Under the law, a landlord is under a duty to mitigate damages upon the abandonment of the premises by the tenant. To constitute abandonment of the leased premises, there must be an absolute relinquishment of the premises by the tenant evidenced by an act and an intent to abandon.

Sleep Source Tennessee, LLC, William Hogancamp, Mark Sexton, Ben Hogancamp, and Tidewater Trust have the burden of proving by a preponderance of the evidence that TD Properties, LLC, failed to use reasonable efforts to mitigate damages and the amount by which damages would have been mitigated.

You will be asked to determine by a preponderance of the evidence whether TD Properties, LLC, failed to mitigate its damages, and, if so, to indicate the amount of damages on the verdict form you believe would have been mitigated if TD Properties, LLC, had used its reasonable efforts.



### III. JURY DELIBERATIONS

When you retire to the jury room, you will discuss the case with your fellow jurors to reach agreement if you can do so. The first order of business should be the selection of a foreperson. That person will preside over your deliberations and speak for you here in Court.

### REACHING AGREEMENT

Your verdict must be unanimous and based solely on the evidence and on the law as I have given it to you in these instructions. You must all agree on any verdict you reach.

Each of you must decide the case for yourself, but you should do so only after you consider all the evidence, discuss it fully with each other, and listen to the views of your fellow jurors.

Do not be afraid to change your opinion if you think you are wrong. But do not come to a decision simply because other jurors think it is right.

This case has taken a great deal of time and effort to prepare and try. There is no reason to think it could be better tried or that another jury is better qualified to decide it. Therefore, it is important that you reach a verdict if you can do so conscientiously. If it looks at some point as if you may have difficulty in reaching a unanimous verdict, you should reexamine your position to see whether you have given careful consideration and sufficient weight to the evidence that has favorably impressed the jurors who disagree with you. You should not hesitate to reconsider your views from time to time and to change them if you think this is appropriate.



It is important that you attempt to return a verdict but, of course, only if each of you can do so after having made his or her own conscientious determination. Do not surrender an honest conviction as to the weight and effect of the evidence simply to reach a verdict.

## NOTES

Now I'd like to say something about the notes you may have taken during the trial. Your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you have not taken notes, you should rely upon your independent recollection of the proceeding, and you should not be unduly influenced by the notes of other jurors.

Notes are not entitled to any greater weight than the memory or impression of each juror as to what the testimony may have been. Whether you have used notes or not, each of you must form and express your own opinion of the facts of the case.

You'll notice that we do have an official court reporter making a record of the trial. However, we will not have a typewritten transcript from the record available for your use in reaching a decision in this case.

## RETURN OF VERDICT FORM

I have prepared a Verdict Form for your use in making your verdict. After you have reached unanimous agreement on a verdict, your foreperson will fill in the form that has been given to you and advise the Marshal outside your door that you are ready to return to the courtroom. After you return to the courtroom, your foreperson will deliver the completed verdict form as directed.



## COMMUNICATION WITH THE COURT

Do not talk to the Marshal, or to me, or to anyone else, except each other, about this case. If it becomes necessary during your deliberations to communicate with me, you may send a note through the Marshal signed by your foreperson or by one or more members of the jury. No member of the jury should ever attempt to communicate with me on anything concerning the case except by a signed writing or here in open Court. Remember that you are not to tell anyone -- including me -- how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged.

